**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GLENDA J. BARR,

    Plaintiff,

v.                                                 Case No. 14-13477

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;
AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Glenda Barr appeals from Defendant Commissioner of Social Security's determination that she is not entitled to disability insurance benefits under 42 U.S.C. § 405(g). Magistrate Judge David R. Grand issued a Report and Recommendation advising the court to grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. (Dkt. # 20.) Plaintiff timely filed objections to the R. & R. (Dkt. # 21), to which Defendant responded (Dkt. # 22). After reviewing the R. & R. and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R. & R., the court will overrule Plaintiff's objections and adopt the R. & R.

## I. STANDARD

### A. Timely Objections and *De Novo* Review

The filing of timely objections to an R. & R. requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

### A. Objection One

Plaintiff objects to "the Magistrate Judge's conclusion that substantial evidence supports the ALJ's Step Three finding." (Pl.'s Obj. at 2.) However, it is difficult to determine what Plaintiff's objection actually is, because, in arguing the objection, Plaintiff makes two *other* arguments. At one point, Plaintiff argues, "[r]egardless of how

the ALJ might ultimately decide Plaintiff's claims, it is unreasonable to conclude that he would have necessarily would have [sic] determined that Plaintiff did not *medically equal* Listing 1.04(A)." (*Id.* (emphasis in original).) In the next sentence, Plaintiff argues, "[b]ecause the ALJ failed to provide any sort of detailed explanation at this Step, it is impossible to determine if substantial evidence supports his conclusions." (*Id.*) As explained below, these are three different arguments, and the court will address each in turn.

The first objection is that there was not substantial evidence to support the ALJ's finding that Plaintiff failed to meet or medically equal Listing 1.04(A). The court disagrees. The Magistrate Judge throughly detailed the evidence supporting this finding. (R. & R. at 10-16.) To meet Listing 1.04(A) a claimant must show "evidence of nerve root compression." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04A; *see also Steagall v. Comm'r of Soc. Sec.*, 2009 WL 806634, at *5 (S.D. Ohio Mar. 25, 2009) (treating physician's opinion that plaintiff met Listing 1.04A was insufficient where medical records stated there was no nerve root compression.) The record contained substantial evidence indicating there was no nerve root compression. Specifically, Plaintiff's 2008 lumbar spine MRI showed a "small central herniation at L5-S1 without impingement," (Dkt. # 12-7, Pg. ID 380), a November 2008 MRI of the thoracic spine was negative for any herniated disc or cord compression, (*Id.* at Pg. ID 379), and a May 2009 CT scan showed "nerve roots existing [in the] usual fashion," (*Id.* at Pg. ID 367). Additionally, the above evidence and other record evidence showing that Plaintiff had a normal gait and range of motion, (Dkt. # 12-7, Pg. ID 226-27), was substantial evidence for the ALJ's finding that Plaintiff's condition did not *medically equal* Listing 1.04(A). (R. & R. at 16.)

Some evidence to the contrary existed, such as Dr. Lee's opinion that Plaintiff "likely has pinching of the S1 nerve root." (Id. at Pg. ID 359.) However, it is not this court's job to re-weigh the evidence. The court can go no further than satisfying itself that the ALJ fell within the "zone of choice" supported by substantial evidence, *see Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009), and the court is so satisfied.

The second possible argument is that it was "unreasonable to conclude that [the ALJ] would have necessarily would have [sic] determined that Plaintiff did not *medically equal* Listing 1.04(A)." (Pl.'s Obj. at 2 (emphasis in original).) Different than arguing a lack of substantial evidence, here Plaintiff seems to imply that the ALJ completely failed to make a finding on medical equivalency and that the Magistrate Judge unreasonably substituted his own judgment in order to fill the gap. This argument fails, also. The ALJ stated, "I find that the medical evidence does not support a finding that these impairments meet or, individually or in combination, *medically equal* the criteria of [listing 1.04]." (Dkt. # 12-2, Pg. ID 72 (emphasis added).) The ALJ made the finding, and the Magistrate Judge identified substantial evidence for that finding.

Third, Plaintiff contends, "[b]ecause the ALJ failed to provide any sort of detailed explanation at this Step, it is impossible to determine if substantial evidence supports his conclusions." (Pl.'s Obj. at 2.) To follow the rabbit further down the hole, this argument could be interpreted in two ways. First, Plaintiff may be making another substantial-evidence argument. If so, the argument fails because it misapprehends the substantial evidence standard. The court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535

5

(6th Cir. 2001). Thus, an ALJ's scant citations to the record at Step Three do not "make it impossible to determine if substantial evidence supports his conclusions." Alternatively, Plaintiff might be arguing that the Social Security regulations provide a procedural right to a fulsome explanation of a Step Three conclusion, and the ALJ violated that right. This argument fails, too. Unlike 20 C.F.R. § 404.1527(c)(2), which requires an ALJ to "give good reasons" for rejecting a treating physician's opinion, 20 C.F.R. § 404.1520(a)(3) requires only that the ALJ "consider all evidence in [the claimant's] case record." Accordingly, the Sixth Circuit has declined to extend the procedural protections of the "good reason" requirement to the Step Three analysis. *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 365 (6th Cir. 2014) (citing *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400 (6th Cir. 2008) (distinguishing requirement that ALJ "consider" from requirement that he "give good reasons"). Thus, both versions of Plaintiff's third argument fail.

### B. Objection Two

Plaintiff objects "[t]o the Magistrate Judge's conclusion that the ALJ gave 'good reasons' for discounting Dr. Richardson's opinion." (Pl.'s Obj. at 3.) When an ALJ declines to give a treating physician's opinion controlling weight, "an ALJ must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2). Procedurally, the ALJ must give "specific reasons for the weight given the treating source's medical opinion, supported by evidence in the

case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (citing SSR, 96-2p, 1996 WL 374188, at *5 (1996)). The ALJ did just that. First the ALJ thoroughly explaining the relationship between Plaintiff and Dr. Richardson, enumerating their various appointments and the resulting diagnoses. The ALJ then turned to Dr. Richardson's opinion. He outlined the statements Dr. Richardson made in the residual functional capacity questionnaire and then stated:

> I give little weight to Dr. Richardson's opinion. His own treatment notes do not support such a restrictive residual functional capacity as they consistently showed that the claimant had paraspinal muscle tenderness and mildly reduced range of motion in her lumbar spine. Moreover, his opinion is not consistent with the record as a whole, which showed that the claimant reported pain at a four and a two on a scale of one to ten.

(Dkt. # 12-2, Pg. ID 75.) The court agrees with the Magistrate Judge that this analysis meets the *Wilson* standard. The ALJ addressed the nature and extent of the doctor-patient relationship and also explained why he believed Dr. Richardson's findings were inconsistent with the record and unsupportable.

Indeed, the Sixth Circuit has upheld determinations of this kind based on less analysis. In *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006), the ALJ reasoned that the treating physician's conclusions are "not well supported by the overall evidence of record and are inconsistent with other medical evidence of record." The Sixth Circuit held, "[t]his is a specific reason for not affording controlling weight to [the treating physician]. . . . The ALJ thus did not violate any procedural right to an adequate explanation of why the ALJ did not credit [the plaintiff's] treating physician's opinion."

7

Here, the ALJ gave a more detailed analysis, citing the specific facts that led him to doubt Dr. Richardson's opinion. The court therefore agrees with the Magistrate Judge that the ALJ applied the proper legal standards and reached a conclusion supported by substantial evidence.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's objections [Dkt. # 21] are OVERRULED and the Magistrate Judge's report and recommendation [Dkt. # 20] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Dkt. # 18] is GRANTED and Plaintiff's Motion for Summary Judgment [Dkt. # 15] is DENIED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: September 29, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2015, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522